## ALLEN v. CERRO GORDO CO. ET AL.

**Fraud:** SPECIFIC PERFORMANCE: EQUITY. The claim of the county for swamp lands, indemnity, and cash having been rejected, the Board of Supervisors made a contract with M. to prosecute anew its claim, upon representations made by him respecting his ability to prosecute them more successfully than any other party, and, after rendering services extending over a period of five years without suggestion of fraud or misrepresentation, he secured their settlement in full: *Held*, that the plea of fraud would not avail as a defense in an action for the specific performance of the contract for the payment for services.

*Appeal from Jasper District Court.*

THURSDAY, APRIL 22.

THIS is a suit in equity for a specific performance of a contract respecting the swamp lands of Cerro Gordo county. After the plaintiff's rights attached, the county donated the lands to the McGregor & Sioux City Railroad Co., and by said

company they were conveyed to the defendant, Horace S. Taylor, both having notice of the plaintiff's rights. The District Court adjudged the contract under which the plaintiff claims, to be valid, and decreed a specific performance of it. The defendant, Taylor, appeals.

*L. O. Hatch* and *T. Updegraff*, for appellant, Taylor.

*Goodykoontz & Wilber*, for Cerro Gordo County.

*Nourse & Kauffman*, for appellee, Allen.

COLE, J.—On May 16, 1863, the defendant, the County of Cerro Gordo, entered into a contract with one F. C. D. McKay, whereby it was agreed that McKay, for said county, should prosecute its claims upon the United States Government for swamp lands, under the several acts of Congress and the State Legislature, and that, if successful, he should have for the services of himself and those employed by him, and for the expenses incurred, one thousand dollars out of the cash indemnity, and the remaining proceeds should be equally divided between the county and McKay; Allen became assignee of McKay, in part, of this contract. At the date of the contract, the claim of the county for swamp lands and indemnity had been passed upon and rejected; and, by a ruling of the Department of the Interior, it had been decided that no indemnity would be allowed, except for selections made prior to March 3, 1857. No such selections for Cerro Gordo county had been made. The validity of this contract and all the questions of law arising thereon were adjudged, and settled by us in this same cause, when before this court, upon a former appeal from an order sustaining a demurrer to the petition. See *Allen v. The County of Cerro Gordo*, 34 Iowa 54.

Upon the return of the cause to the District Court the defendants filed an answer, setting up that the contract was obtained by McKay, by means of certain specified false representations made by him to the Board of Supervisors of the county, respecting his ability to prosecute the claims of the county successfully, the want of like ability in others, the

condition of the rulings of the department, the official positions and standing of his associates, and the means and steps necessary to succeed, etc., etc. It is unnecessary to set out these allegations at length, or to review the testimony introduced to support and rebut them. It is only necessary to state that, after a careful reading and re-reading of all the evidence, we are united in agreeing fully with the learned judge of the District Court, that no vitiating, fraudulent or false representations were made.

A brief epitome of the leading facts will vindicate the equity of the decision. In May, 1863, the claims of the county for swamp lands, indemnity scrip and cash, had been rejected; the Board of Supervisors then made the contract with McKay to prosecute, anew and further, said claims; in June following, at the instance of others desiring to prosecute the claims, the Board of Supervisors adopted a preamble that the McKay contract was obtained by false representations, and a resolution rescinding the contract therefor; in September following, the Board adopted another resolution that they had been misled into adopting the resolution rescinding the contract, that, in fact no misrepresentations were made by McKay or his associates, and the rescinding resolution was revoked, and the contract with McKay re-affirmed. McKay and his associates diligently prosecuted the claims of the county from that time to 1868, fully performing on his part, and without any complaint or suggestion by the county of fraud or misrepresentation, and secured to the county over thirty thousand acres of land and over seven thousand dollars in cash, the land being patented to the county, March 13, 1868. After this, and in June, 1868, McKay having in the mean time deceased, his assignees and personal representatives applied to the Board of Supervisors, to perform the contract on the part of the county. This the Board declined to do; but, directly thereafter, generously donated all the lands thus obtained by the labors and efforts of McKay, to the McGregor & Sioux City Railroad Co., taking from said company a bond to indemnify the county against all claims by McKay or others under the contract. The railroad company conveyed the land to Taylor, who had full knowledge

of all the facts, but who sets up fraud and misrepresentations by McKay in obtaining the contract under which the lands were secured. Under these facts it is a consolation to believe that a "corporate conscience" is always less, lower and weaker than any conscience of its individual constituents. This court is not a corporation. The judgment of the District Court is right under the law, and in full accord with the principles of equity. It fully protects the rights of all the parties, and must be

AFFIRMED.